UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT MOSES | CIVIL ACTION |
| VERSUS | NO. 24-2874 |
| NICHOLSON CONSTRUCTION COMPANY, ET AL. | SECTION: "D" (2) |

### ORDER AND REASONS

Before the Court is a Motion to Set Aside Clerk of Court's Entry of Default, filed by Defendant Nicholson Construction Company ("Nicholson").[1] Plaintiff Robert Moses has filed an Opposition.[2] After careful consideration of the record, the parties memoranda, and the applicable law, the Court **GRANTS** the Motion.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

This suit arises out of an automobile accident.[3] On September 18, 2023, in Jefferson Parish, Louisiana, Plaintiff was operating his 2016 GMC Terrain when it collided with a 2018 Ford Pickup Truck owned by Nicholson and operated by Defendant Mac Nam.[4] Plaintiff allegedly suffered physical and mental injuries resulting from this accident.[5]

On September 16, 2024, Plaintiff filed suit in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, against Nicholson, Mac Nam, Zurich American Insurance Company and Progressive Paloverde Insurance Company.[6] In

---

[1] R. Doc. 27.
[2] R. Doc. 28. Nicholson did not file a reply brief.
[3] R. Doc. 9-1 at p. 1.
[4] *Id.* at pp. 1–2.
[5] *Id.* at p. 2.
[6] *Id.* at p. 1. Plaintiff filed a Voluntary Motion to Dismiss all claims against Zurich American Insurance Company, which the 24th Judicial District Court granted on December 2, 2024. R. Doc. 9-3 at pp. 1–

his Petition, Plaintiff specifically prayed "that there be judgment herein in favor of petitioner and against defendants jointly, severally and *in solido*."[7] On November 13, 2024, Plaintiff filed a First Supplemental and Amended Petition for Damages, setting forth an additional allegation that his claims exceed $75,000.[8] Thereafter, on December 13, 2024, Nicholson filed a Notice of Removal in this Court and subsequently filed an Amended Notice of Removal on January 3, 2025.[9]

On April 4, 2025, the Court issued an Order to Show Cause directing Plaintiff to file proof of service or show good cause, in writing, why the defendant, Mac Nam, should not be dismissed for failure to prosecute pursuant to FRCP 4(m).[10] No response was filed.[11] The Court issued a Second Order to Show Cause, directing the same, on April 22, 2025.[12] Plaintiff filed a Memorandum in Response to the Second Order to Show Cause stating that Mac Nam was served via certified mail,[13] but indicated that the "green card" was never returned by the Post Office to the office of Plaintiff's counsel.[14] The Court notes that the Postal Service tracking return suggested that service was merely "left with individual" and fails to identify Mac Nam.[15] On October 8, 2025, the Court held a telephone status conference to discuss

---

2. Plaintiff also filed a Voluntary Partial Motion to Dismiss With Prejudice all claims asserted against Progressive Paloverde Insurance Company in this Court. R. Doc. 11. The Court granted the Motion on February 5, 2025. R. Doc. 13.
[7] R. Doc. 9-1 at p. 3.
[8] R. Doc. 9-2.
[9] R. Doc. 1; R. Doc. 9.
[10] R. Doc. 14.
[11] Counsel subsequently apologized to the Court for the oversight, and the Court accepts the sincerity of that apology. *See* R. Doc. 16 at p. 1.
[12] R. Doc. 15.
[13] R. Doc. 16.
[14] *Id.* at p. 1.
[15] R. Doc. 16-2.

the status of effectuating service against Mac Nam, wherein Plaintiff sought additional time to effectuate service on that defendant.[16] The Court granted Plaintiff's request for additional time and issued a Third Order to Show Cause directing Plaintiff to file proof of service or show good cause, in writing, why the defendant Mac Nam should not be dismissed for failure to prosecute pursuant to FRCP 4(m).[17]

Subsequently, on October 16, 2025, Jodi Luckoski, a paralegal employed at the office of Plaintiff's counsel, filed an affidavit into the record attesting to the fact that "she mailed the Citation, Petition for Damages, Interrogatories, Request for Production of Documents, and Notice of removal" to Mac Nam at his residence at 199 Pierce Street, Apt. A834, Somerset, NJ 08873.[18] Service was received and signed for by "K. Kristen."[19] On November 12, 2025, Plaintiff filed a Motion for Entry of Default against Mac Nam.[20] Nicholson opposed the Motion.[21] The Clerk of Court entered default against Mac Nam on November 17, 2025.[22]

One day later, on November 18, 2025, Nicholson filed the instant Motion to Set Aside Clerk of Court's Entry of Default.[23] In the Motion, Nicholson alleges that "Plaintiff failed to render sufficient service of process on Mac Nam in accordance with La. R.S. 13:3204. As such, good cause exists to set aside the Entry of Default entered

---

[16] R. Doc. 20.
[17] *Id.*
[18] R. Doc. 21.
[19] *Id.*
[20] R. Doc. 24.
[21] R. Doc. 25.
[22] R. Doc. 26.
[23] R. Doc. 27.

against Mac Nam[]"[24] pursuant to Fed. R. Civ. P. 55(c).[25] Nicholson specifically avers that "Mr. Nam was not and has not been served in this matter. He does not reside at 199 Pierce Street, Apt. A834, Somerset, NJ 08873. Mr. Nam's correct address is 3613 Biscayne Pl., Philadelphia, PA 19154. Therefore, Mr. Nam was not properly served because service was attempted at an incorrect address."[26] Nicholson further contends that good cause exists to set aside the entry of default against Mac Nam because the default was not willful and that setting aside the default would not prejudice Plaintiff.[27] Thus, according to Nicholson, its Motion should be granted.[28]

Plaintiff opposes the Motion.[29] As an initial matter, Plaintiff argues that:

> Nicholson has not demonstrated any real 'standing' to request the relief sought. The relief sought is strictly on behalf of Mac Nam who has neither appeared in this matter on his own behalf or through counsel. Traditionally, standing requires an allegation that the one seeking relief has suffered an injury in fact. Nicholson has not set forth any 'facts' indicating that they suffered injury as a result of the entry of default against Mac Nam.[30]

Therefore, according to Plaintiff, "Nicholson fails to demonstrate a true interest in setting aside this default[]"[31] and thus Nicholson's Motion should be denied.[32]

---

[24] R. Doc. 27-1 at p. 1.
[25] *Id.*
[26] *Id.* at p. 3.
[27] *Id.* at p. 4.
[28] *Id.*
[29] R. Doc. 28.
[30] *Id.* at p. 2.
[31] *Id.* Plaintiff also "strongly suggests that the service on Mac Nam as indicated by the affidavit filed into the record on October 16, 2025, is proper." *Id.* Nonetheless, Plaintiff advises that he "has taken action in attempt to once again serve Mac Nam at the Philadelphia, Pennsylvania address supplied by counsel for Nicholson. This was done on November 19, 2025 and plaintiff is currently awaiting return of the 'green card' indicating service at that address." *Id.* As of the date of this Order and Reasons, Plaintiff has not filed any proof of service evincing that service has been properly effectuated against Mac Nam at the Philadelphia address provided by defense counsel.
[32] R. Doc. 28 at p. 2.

4

## II. LEGAL STANDARD

Rule 55(c) of the Federal Rules of Civil Procedure provides that a "court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)."[33] In determining whether good cause exists to set aside an entry of default, "courts consider three non-exclusive factors: 'whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented.'"[34] "Other factors may also be considered, including whether 'the defendant acted expeditiously to correct the default.'"[35]

Moreover, "federal courts should not be agnostic with respect to the entry of default judgments, which are 'generally disfavored in the law' and thus 'should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement.'"[36] Defaults are therefore "'generally disfavored.'"[37] And "'[u]nless it appears that no injustice results from the default, relief should be granted.'"[38]

## III. ANALYSIS

Nicholson asks the Court set aside the entry of default entered against Mac Nam.[39] Plaintiff, however, contends that Nicholson lacks standing to request such

---

[33] Fed. R. Civ. P. 55(c).
[34] *Koerner v. CMR Construction & Roofing, L.L.C.*, 910 F.3d 221, 225 (5th Cir. 2018)(quoting *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) (internal quotation mark omitted)).
[35] *Lacy*, 227 F.3d at 292 (quoting *In re Dierschke,* 975 F.2d 181, 184 (5th Cir.1992)).
[36] *Lacy*, 227 F.3d at 292 (quoting *Mason & Hanger-Silas Mason Co. v. Metal Trades Council,* 726 F.2d 166, 168 (5th Cir.1984)).
[37] *Koerner*, 910 F.3d at 225 (quoting *Mason & Hanger-Silas Mason Co.*, 726 F.2d at 168).
[38] *Koerner*, 910 F.3d at 225 (quoting *In re OCA, Inc.*, 551 F.3d 359, 370–71 (5th Cir. 2008)).
[39] R. Doc. 27.

relief on behalf of Mac Nam.[40] Accordingly, the Court first addresses whether Nicholson possesses standing to request the setting aside of the entry of default against Mac Nam. The Court then addresses whether good cause exists under Fed. R. Civ. 55(c) to set aside the entry of default. For the reasons set forth below, the Court finds that Nicholson has standing to request such relief and has demonstrated that good cause exists to set aside the entry of default against Mac Nam.

*A. Nicholson has standing to request the setting aside of the entry of default against Mac Nam.*

Plaintiff alleges that "Nicholson has not set forth any 'facts' indicating that they suffered injury as a result of the entry of default against Mac Nam."[41] The Court disagrees.[42]

"To establish standing . . . a plaintiff must demonstrate (i) that she has suffered or likely will suffer an injury in fact, (ii) that the injury likely was caused or will be caused by the defendant, and (iii) that the injury likely would be redressed by the requested judicial relief."[43] Put differently, the doctrine of standing requires that a plaintiff "allege [] a personal stake in the outcome" of a case or controversy.[44]

---

[40] R. Doc. 28 at p. 2.
[41] *Id.*
[42] Nicholson did not address standing in the instant Motion, nor did it file a reply brief in support of the instant Motion. Regardless, the Fifth Circuit has unequivocally espoused its disdain for defaults, and the Court therefore undergoes a standing analysis. *See, e.g., Sindhi v. Raina*, 905 F.3d 327, 331 (5th Cir. 2018)("We have adopted a policy in favor of resolving cases on their merits and against the use of default judgments.")(citation modified); *see also Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)("Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.").
[43] *Food and Drug Administration v. Alliance for Hippocratic Medicine*, 602 U.S. 367, 380 (2024).
[44] *Summers v. Earth Island Institute*, 555 U.S. 488, 493 (2009)(citation modified).

The Court finds that Nicholson has a "personal stake" in challenging the entry of default against Mac Nam. In his state court petition, Plaintiff requests a "judgment herein in favor of petitioner and against defendants jointly, severally and *in solido*[,]"[45] as Plaintiff claims that Mac Nam was acting in the course and scope of his employment with Nicholson when the accident with Plaintiff occurred.[46] Thus, as conceded by Nicholson, "any potential judgment against Mr. Nam would be paid by his former employer Nicholson Construction Company."[47] This is sufficient to satisfy standing.

First, the entry of default against Mac Nam would be an injury-in-fact against Nicholson, as Nicholson concedes that it would be financially liable for any judgment against Mac Nam.[48] Second, Nicholson's injury is caused by the entry of default against Mac Nam.[49] And third, setting aside the entry of default against Mac Nam will redress the injury against Nicholson.[50]

As a final point, although the Fifth Circuit has not squarely addressed the precise issue of solidary obligor standing in the entry of default context, it has provided guidance close to this issue. In *Harrell v. DCS Equipment Leasing Corp.*,[51] numerous plaintiffs sued five corporate entity defendants who were jointly and

---

[45] R. Doc. 9-1 at p. 3.
[46] *Id.*
[47] R. Doc. 27-1 at p. 4.
[48] *See Alliance for Hippocratic Medicine*, 602 U.S. at 381 ("An injury in fact can be a physical injury, a *monetary injury*, an injury to one's property, or an injury to one's constitutional rights, to take just a few common examples.")(emphasis added).
[49] *Id.* at 380–81.
[50] *Id.*
[51] 951 F.2d 1453, 1455 (5th Cir. 1992).

severally liable regarding investments in computer equipment leasing programs.[52] Plaintiffs alleged violations of RICO, state and federal securities law, common law fraud, and breach of fiduciary duty.[53] All five corporate entity defendants were controlled by an individual defendant, Barry Trupin.[54]

Prior to trial, the district court entered default judgment against the five corporate defendants.[55] At trial, the jury found that Trupin did not violate any laws.[56] The jury, however, found that Trupin was the alter ego of the corporate entity defendants.[57] Accordingly, to shield himself of financial liability, Trupin asked the district court to set aside the default judgments against the five corporate entity defendants.[58] The district court set aside the default judgments, stating that "under Fed. R .Civ. P. 55(c), the jury's verdict was good cause for setting aside the default judgments."[59]

On appeal, plaintiffs argued that Trupin lacked standing to request that the district court set aside the default judgments.[60] The Fifth Circuit disagreed and explained:

> We reject this contention. Fed. R. Civ. P. 60(b) expressly authorizes only a party or a party's legal representative to obtain relief by motion from a final judgment. The Eleventh Circuit has stated that the term legal representative was intended to reach only those individuals who were

---

[52] *Id.* The Court acknowledges that there were more than five defendants in *Harrell*, but for purposes of this Order and Reasons, the Court limits its discussion to these defendants. *Id.*
[53] *Id.*
[54] *Id.*
[55] *Id.*
[56] *Id.* at 1457.
[57] *Id.*
[58] *Id.* ("The only finding that might possibly be a finding against Barry Trupin was the jury's finding that he was the alter ego of the corporations involved in the computer-lease operation.").
[59] *Id.* at 1458.
[60] *Id.* at n.14.

> in a position tantamount to a party or whose legal rights were otherwise so bound up with the parties that their rights were directly affected by the final judgment. As the plaintiffs and the intervenors seek to hold Barry Trupin liable on the default judgments, they cannot be heard to say that his legal rights were not affected by those default judgments.[61]

The Court finds the Fifth Circuit's reasoning to be analogous to the instant dispute. Although Rule 55(c) is silent as to who may move to set aside an entry of default, it is closely related to Rule 60(b).[62] Thus, applying the Rule 60(b) rationale, the Court finds that Nicholson also may petition the Court to set aside Mac Nam's entry of default because Nicholson's legal rights are otherwise so bound up with Mac Nam that its rights would be directly impacted by an entry of default. Nicholson was Mac Nam's employer,[63] has potential financial liability for any judgment entered against Mac Nam,[64] and Mac Nam was in the course and scope of his employment when the accident giving rise to the suit occurred.[65] And if a default judgment were to be entered against Mac Nam, Plaintiff would likely seek to satisfy the judgment, in its entirety, from Nicholson as an obligor *in solido*.[66] Therefore, the Court finds Nicholson's request to set aside the entry of defaults to be proper.

---

[61] *Id.* (citation modified).
[62] *A.P. Moller – Maersk A/S v. Safewater Lines (I) Pvt., Limited*, 784 Fed. Appx. 221, 225 (5th Cir. 2019)(quoting *In re OCA, Inc.*, 551 F.3d at 369 (citation omitted))("'[i]n assessing a motion to vacate a default judgment, we have interpreted Rule 60(b)(1) as incorporating the Rule 55 'good cause' standard applicable to entries of default[.]'").
[63] R. Doc. 9-1 at p. 3.
[64] R. Doc. 27-1 at p. 4.
[65] R. Doc. 9-1 at p. 3.
[66] Under Louisiana law, "[s]olidary is an alternative term for joint and several in the context of a liability or obligation." *In re Hari Aum, LLC*, 714 F.3d 274, 277 (5th Cir. 2013)(quoting Black's Law Dictionary 1521 (9th ed. 2009)(internal quotation marks removed)).

Moreover, other courts have held that a jointly and/or severally liable defendant has standing to challenge an entry of default against a co-defendant.[67] Thus, adopting the same reasoning, the Court additionally determines that Nicholson, as an obligor *in solido*, has standing to ask the Court to set aside the entry of default against Mac Nam.

### B. Good cause exists under Rule 55(c) to set aside the entry of default against Mac Nam.

Having determined that Nicholson has standing to request the Court to set aside the entry of default against Mac Nam, the Court next considers whether good cause exists under Rule 55(c) to set aside the entry of default against Mac Nam. Nicholson alleges that the entry of default against Mac Nam should be set aside for Plaintiff's failure to properly serve Mac Nam under La. R.S. § 13:3204.[68] Plaintiff disagrees and argues that Nicholson has failed to meet its burden of demonstrating that the entry of default should be set aside.[69]

---

[67] *See Diamond Services Corp. v. Oceanografia SA de CV*, Civil Action No. 10–0177., 2013 WL 312368, at *3 (W.D. La. Jan. 24, 2013)("Although this Court was unable to find cases within the Fifth Circuit so holding, other courts have held a defendant against whom liability has been alleged jointly and/or severally has standing to challenge an entry of default against a co-defendant."); *see also In re Uranium Antitrust Litig.*, 617 F.2d 1248, 1256 n.32 (7th Cir. 1980) (permitting jointly and/or severally liable defendants, which were subsidiaries of defaulting parties, to challenge a default judgment because the non-defaulting defendants would be adversely affected by the default judgment financially); *Sack v. Seid,* No. 01 C 6747, 2002 WL 31409573, at *2 (N.D. Ill. 2002) (holding that non-defaulting defendant had standing to challenge entry of default against defaulting defendants); *Rodriguez v. Irwin*, No. 7:10–CV–102–FL., 2011 WL 737316, at *3–4 (E.D. N.C. Feb. 23, 2011)(finding that a jointly liable non-defaulting defendant had standing to challenge entry of default against non-appearing defendant).

[68] Nicholson maintains that "Mr. Nam was not and has not been served in this matter. He does not reside at 199 Pierce Street, Apt. A834, Somerset, NJ 08873. Mr. Nam's correct address is 3613 Biscayne Pl., Philadelphia, PA 19154. Therefore, Mr. Nam was not properly served because service was attempted at an incorrect address." R. Doc. 27 at p. 3.

[69] R. Doc. 28.

The Court finds that good cause exists for setting aside the entry of default against Mac Nam because service on Mac Name was improper under Fed. R. Civ. P. 4. Specifically, Rule 4(e)(2)(B) provides that service may be effectuated by "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there[.]"[70] Mac Nam was purportedly served via domiciliary service at 199 Pierce Street, Apt. A834, Somerset, NJ 08873, but his correct address is 3613 Biscayne Pl., Philadelphia, PA 19154.[71] Service was received and signed for by "K. Kristen."[72] Plaintiff has failed to offer any background information regarding K. Kristen. This is insufficient.[73]

Accordingly, because Mac Nam "was not properly served under Rule 4, the Court finds that the default was not willful, setting aside the default would not prejudice the Plaintiff, and a meritorious defense has been presented."[74] Nicholson has also acted expeditiously in attempting to correct the default,[75] as it filed the instant Motion one day after the clerk entered default against Mac Nam.[76] The Fifth Circuit has mandated that "'a district court must set aside a default judgment as void

---

[70] Fed. R. Civ. P. 4(e)(2)(B). Fed. R. Civ. P. 4(e)(1) also provides that service may be effectuated by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Accordingly, Nicholson alleges that service was insufficient as to Mac Nam pursuant to La. R.S. § 13:3204. R. Doc. 27-1 at p. 1. The Court finds the failure to personally serve Mac Nam does not comply with such statute.
[71] R. Doc. 27-1 at p. 3.
[72] R. Doc. 21.
[73] In the context of setting aside a default judgment, the Fifth Circuit has "recognize[d] that once the validity of service of process has been contested, the plaintiff bears the burden of establishing its validity." *Carimi v. Royal Carribean Cruise Line, Inc.* 959 F.2d 1344, 1346 (5th Cir. 1992)(citing *Aetna Business Credit, Inc. v. Universal Decor & Interior Design, Inc.,* 635 F.2d 434, 435 (5th Cir. 1981)).
[74] *J&J Sports Productions, Inc. v. Bundee's, Inc.*, CIVIL ACTION NO: 18-03480, 2019 WL 5102239, at *2 (E.D. La. Oct. 11, 2019)(Guidry, J.).
[75] *Lacy*, 227 F.3d at 292.
[76] R. Doc. 26; R. Doc. 27.

if it determines that it lacked personal jurisdiction over the defendant because of defective service of process.'"[77] The Court heeds such mandate.[78]

Where does that leave this case? This matter was removed to this Court on December 13, 2024.[79] Now, over a year later, there has been no Scheduling Order issued, no pretrial motion deadlines set, no pretrial conference or trial set, and likely no discovery. The matter remains stagnant, awaiting service and appearance of all parties. Plaintiff advised in his opposition memorandum that he has taken steps to serve Mr. Nam at the address provided by defense counsel. To date, the record fails to include any follow up to those efforts. Plaintiff has brought this case and bears the responsibility to prosecute it. Failure to serve defendant Nam will result in that defendant being dismissed without prejudice.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the Motion to Set Aside Clerk of Court's Entry of Default[80] is **GRANTED.** The Entry of Default against Mac Nam[81] is **SET ASIDE.**

---

[77] *Espinoza v. Humphries*, 44 F.4th 275, 276 (5th Cir. 2022)(quoting *Harper Macleod Solics. v. Keaty & Keaty*, 260 F.3d 389, 393 (5th Cir. 2001) (cleaned up)).

[78] The Court also acknowledges that Nicholson may have another meritorious defense emanating from the Supreme Court's decision in *Frow v. De La Vega*. 82 U.S. 552 (1872). In *Frow*, the Supreme Court stated that "if the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike—the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all. But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal." *Id.* at 554. Thus, [a]s a general rule then, when one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted." Mary Kay Kane, 10A FEDERAL PRACTICE AND PROCEDURE (WRIGHT & MILLER) § 2690 (4th ed. Sept. 2025 update).

[79] R. Doc. 1.

[80] R. Doc. 27.

[81] R. Doc. 26.

**IT IS FURTHER ORDERED** that **ON OR BEFORE February 11, 2026** plaintiff shall file proof of service or show good cause, in writing, why the defendant Mac Nam should not be dismissed for failure to prosecute pursuant to FRCP 4(m). **Failure to comply with this Order, or show good cause in writing as to why this defendant should not be dismissed, shall result in dismissal without prejudice of defendant, Mac Nam, without further notice.**

New Orleans, Louisiana, January 28, 2026.

*Wendy B Vitter*
**WENDY B. VITTER**
**United States District Judge**